UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:20-cv-81187-AHS

BLAIZE CONTE,

      Plaintiff,

vs.

TRI-COUNTY CLEANING SERVICES INC.,
MERCEDES LONGSWORTH, Individually,

      Defendants.

_____/

**DEFENDANTS', TRI-COUNTY CLEANING SERVICES, INC. AND
MERCEDES LONGSWORTH, MOTION TO DISMISS COMPLAINT AND
INCORPORATED MEMORANDUM OF LAW**

Defendants, TRI-COUNTY CLEANING SERVICES, INC. and MERCEDES
LONGSWORTH, individually, by and through undersigned counsel, pursuant to Fed. R. Civ. P.
12(b)(6) and S.D. Fla. L.R. 7.1(a), hereby move to dismiss Plaintiff's, BLAIZE CONTE,
complaint, and as grounds therefor state as follows:[1]

**STATEMENT OF FACTS**

Plaintiff, Blaize Conte, filed a two-count complaint against his alleged former employer,
Tri-County Cleaning Services, Inc. and one of its principals, Mercedes Longsworth. ECF No. 1.
He alleges he worked for Defendants from some unknown month in 2017 to around January 2020,
performing janitorial and maintenance work. *Id.*, ¶ 9. He alleges he "would work over 40 hours a
week or more and would never be paid and never paid for overtime." *Id.*, ¶ 10. Conte also alleges

---

[1]     By filing this motion, Tri-County acknowledges it has waived objections to service of
process, which must be alleged in the initial responsive document.

the checks he received would "bounce" and he would "wait over a months" to cash his paychecks. *Id.*, ¶ 11. Conte also alleges he was not paid at all from "December 15 to current," but fails to identify the year in question. *Id.*, ¶ 13.

Independent of those allegations, Conte alleges he loaned Defendants $8,000 by promissory note dated on or around October 1, 2018, for which no payment was ever received. ECF No. 1, ¶ 14. Conte also alleges Defendants shared the cost and space of a storage unit with him, with the parties splitting the costs. *Id.*, ¶ 14(a). Conte alleges Defendants used his credit card to pay $1,000 of monthly bills associated with the storage unit. *Id.* Conte concludes by alleging once he closed the storage unit account, he stored Defendants' property at his home. *Id.*, ¶ 14(b).

Counts I and II of Conte's complaint are causes of action under the Fair Labor Standards Act (the "FLSA") against Tri-County and Longsworth, respectively, for allegedly unpaid wages, overtime, or both. As set forth below, his complaint must be dismissed for failure to state a claim under Federal Rules of Civil Procedure Rule 12(b)(6).

## MEMORANDUM OF LAW

### A.    Standard of Review and Conte's *pro se* status

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the pleading standards set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2010), there must be "enough facts to state a claim to relief that is plausible on [the] face" of the pleading. *Twombly*, 550 U.S. at 570. There must be pleaded sufficient facts to show relief and "more than labels and conclusions ... a formulaic recitation of the elements of a cause of action will not do." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal citations omitted). Thus,

the complaint must state more than an unadorned "the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677.

When reviewing a motion under Rule 12(b)(6), a court generally must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). Unsupported factual allegations and legal conclusions, however, receive no such deference. See *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). The Court's analysis on a Rule 12(b) motion is generally limited to the four corners of the complaint and the attached exhibits. See *Thaeter*, 449 F.3d at 1352.

The Court must interpret the *pro se* complaint liberally, *see Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018), because *pro se* pleadings are held to "less stringent standards than those drafted by an attorney," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But *pro se* litigants must still "abide by local rules governing the proper form of pleadings," *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985), and the Court may not "serve as de facto counsel or [ ] rewrite an otherwise deficient pleading in order to sustain an action." *Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 716 n.3 (11th Cir. 2011); *see Sanders v. United States*, 2009 WL 1241636, at *3 (N.D. Ga. Jan. 22, 2009) ("[I]t is not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8[.]").

**B.      Conte fails to plead adequate facts regarding Defendants' participation in interstate commerce**

To establish a *prima facie* case for failure to pay overtime compensation and/or minimum wages under the FLSA, an employee must demonstrate: "(1) an employment relationship, (2) that the employer engaged in interstate commerce, and (3) that the employee worked over forty hours per week but was not paid overtime wages." *See* 29 U.S.C. § 207(a); *Houghton v. Burger Gourmet, USA, LLC*, No. 18-22537-CIV, 2019 WL 481750, at *2 (S.D. Fla. Feb. 7, 2019) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008)). Conte has alleged an employment relationship with Tri-County and Longsworth from 2017-2020, and that he worked over forty hours per week and was not paid regular or overtime wages. ECF No. 1, ¶ 9-10; *but cf*. ¶ 11 (alleging payment after waiting to cash checks received). But Conte has failed to adequately allege Defendants' participation in interstate commerce.

Interstate commerce may be shown in one of two ways, as "enterprise coverage" or "individual coverage." *Maceda v. City Watch Protective Servs., Inc.*, No. 18-23966-CIV, 2019 WL 1385087, at *1 (S.D. Fla. Mar. 27, 2019). Conte alleges:

> Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant name herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

ECF No. 1, ¶ 17. Conte also alleges:

> The Defendant is and was, during all times hereafter mentioned, an enterprise engage in commerce or in the production of goods for commerce as defined in 3 (r) and 3(s) of the FLSA, 29 U.S.C. 203 (r and 203(s. Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

*Id.*, ¶ 18. This fact-free recitation of select elements of enterprise coverage does not satisfy Rule 8. See *Maceda*, 2019 WL 1385087, at *2.

      **C.**    **The Court should not exercise supplemental jurisdiction over any putative breach of contract claims**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A district court must have jurisdiction under at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014). Section 1367(a) provides "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. But a federal court may decline supplemental jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction[.]" 28 U.S.C. § 1367(c); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

      In his prayers for relief in Counts I and II, Conte references alleged contracts between himself, Tri-County, and Longsworth. *See* ECF No. 1, ¶ 14 ("Plaintiff loaned [Defendants] on or around October 1, 2018 $8000, (see contract), which have failed to repay any amounts of agreements."), and Wherefore clauses, (d) ("Award Plaintiff the $8000 loan on/around October 1, 2018 with interest."). Conte also alleges a breach of an oral contract to split the cost of a storage unit. *Id.*, 14(a) and Wherefore clauses (e) ("Award Plaintiff storage fee for split cost…total $1000."). While this Court unquestionably would have jurisdiction over a well-pled FLSA claim

under 28 U.S.C. § 1331, two (2) breach of contact claims totaling $9,000 normally would belong in state-level county courts. *See* § 34.01(1)(c)1., Fla. Stat. ("County courts shall have original jurisdiction…[o]f all actions at law, except those within the exclusive jurisdiction of the circuit courts, in which the matter in controversy does not exceed, exclusive of interest, costs, and attorney fees…[i]f filed on or after January 1, 2020, the sum of $30,000.").

Even reading the complaint liberally to find a cause of action for breach of contract, this Court should decline supplemental jurisdiction for four (4) reasons. First, courts consistently have held an employer-employee relationship between parties, by itself, is an insufficient nexus to give rise to supplemental jurisdiction. *Gonzalez v. Batmasian*, 239 F. Supp. 3d 1363, 1366 (S.D. Fla. 2017) (citing *Lyon v. Whisman*, 45 F.3d 758, 762–64 (3rd Cir. 1995) ("[W]e find no indication that Congress passed the FLSA with the expectation that it was authorizing federal courts to exercise far-reaching jurisdiction over state-law disputes arising from employment relationships.")).

Second, actions on contract are already disfavored in conjunction with FLSA actions. In *Gonzalez*, 239 F. Supp. 3d at 1366, this Court declined to exercise supplemental jurisdiction over an employer's counterclaim for breach of contract. "[T]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards, and to clutter FLSA proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." *Id*. The same reasoning should apply here. The employee's alleged contract with the employer should not clutter these proceedings.

Third, the FLSA and breach of contract claims would have no overlapping elements. To prove an FLSA violation, Conte would need to present evidence of employment, hours worked, and pay received. *Gonzalez*, 239 F. Supp. 3d at 1366 (citing *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)). To prove a putative breach of contract, however, he would

need to present evidence of a valid contract, a material breach, and damages. *Gonzalez*, 239 F. Supp. 3d at 1366 (citing *First Nat. Bank of Kissimmee v. Dunham*, 342 So.2d 1021, 1022 (Fla. 4th DCA 1977) (failure to pay a debt due under a promissory note is a breach of contract claim under Florida law)).[2] The *Gonzalez* court declined to exercise supplemental jurisdiction over the employer's contract counterclaim "because the FLSA claim and contract Counterclaim involve different facts[.]" 239 F. Supp. 3d at 1366.

Finally, to the extent the causes of action did have any overlapping facts or elements, the breach of contract claim's non-overlapping material facts would overwhelm the FLSA claim. The alleged oral contract, by itself, would require more significant proof than the FLSA claim, specifically (1) the existence of an oral contract, (2) the material terms of that oral agreement, (3) a material breach of that contract and damages resulting from the breach, and (4) whether there was mutual assent to an oral agreement. As stated above, none of these facts would have any material impact on proof of Conte's alleged FLSA claims and would only serve to clutter the record and confuse the finder of fact.

## **CONCLUSION**

Even interpreting this *pro se* complaint liberally, Plaintiff fails to support his legal conclusions with facts sufficient to adequately allege Defendants' participation in interstate commerce. Plaintiff's complaint, therefore, is due to be denied. Moreover, this Court should decline to exercise its supplemental jurisdiction over Plaintiff's wholly unrelated and less than ten-thousand-dollar breach of oral contract claims.

---

[2]    There is no written instrument attached to the complaint.

WHEREFORE, Defendants, TRI-COUNTY CLEANING SERVICES, INC., and MERCEDES LONGSWORTH, individually, request that this Court grant their motion to dismiss Plaintiff's Complaint, enter an Order dismissing Plaintiff's Complaint, and take such other action as it deems just and proper in the premises.

Dated:  August 17, 2020                   Respectfully submitted,
       Boca Raton, FL

                                         *s/ Daniel R. Levine*

                                         DANIEL R. LEVINE, ESQ.
                                         Florida Bar No. 0057861
                                         E-mail:  DRL@PBL-Law.com
                                         PADULA BENNARDO LEVINE, LLP
                                         3837 NW Boca Raton Blvd., Suite 200
                                         Boca Raton, FL   33431
                                         Telephone:     (561) 544-8900
                                         Facsimile:     (561) 544-8999
                                         Attorneys for Defendants

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 17, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record/individuals identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Daniel R. Levine*

DANIEL R. LEVINE, ESQ.

<u>**SERVICE LIST**</u>

*Blaize Conte v. Tri-County Cleaning Services Inc., et al.*
Case No. 9:20-cv-81187-AHS
United States District Court, Southern District of Florida

| | |
|---|---|
| Blaize Conte<br>E-Mail:   careaboutyou22@yahoo.com<br>441 Pine Glenn Lane<br>Suite B1<br>Greenacres, FL  33463<br>Telephone:    (561) 572-6985<br>*Pro Se*<br>*Via E-Mail* | Daniel R. Levine, Esquire<br>E-Mail:   DRL@PBL-Law.com<br>Padula Bennardo Levine, LLP<br>3837 NW Boca Raton Blvd., Suite 200<br>Boca Raton, FL  33431<br>Telephone:    (561) 544-8900<br>Facsimile:    (561) 544-8999<br>Counsel for Defendants<br>*Via CM/ECF* |